IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GAYLE CALLAHAN                                                                                              PLAINTIFF

vs.                                              Civil No. 3:06-CV-03032

MICHAEL J. ASTRUE
Commissioner, Social Security Administration                                                 DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before this Court is Plaintiff's Motion for Approval of Application for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 9).[1] Defendant has responded to this motion, has not objected to Plaintiff's request for an attorney's fees award under the EAJA,[2] and submits that $1,339.02 should be awarded in attorney's fees. (Doc. No. 11). This matter is ready for decision.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm L. Hendren referred this motion to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. This Court, having reviewed this application and response, recommends that Plaintiff's application for attorney's fees be **GRANTED**.

**1. Background:**

On June 6, 2006, Gayle Callahan ("Plaintiff") appealed the Secretary of the Social Security

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

[2] Defendant has, however, objected to an award of attorney's fees under 42 U.S.C. § 406(b). Since this Court finds it proper to award attorney's fees under the EAJA, this Court will not address Defendant's objection to an award under 406(b).

-1-

Administration's ("SSA") denial of her request for Disability Insurance Benefits ("DIB"). (Doc. No. 1). On June 13, 2007, the Honorable Jimm L. Hendren entered an order reversing and remanding Plaintiff's case to the SSA. (Doc. No. 8). After this remand, Plaintiff filed the present motion for attorney's fees pursuant to the EAJA. (Doc. No. 9). This motion was filed on September 6, 2007. In this motion, Plaintiff's attorney, Frederick S. "Rick" Spencer, seeks approval of attorney's fees for professional services and costs in the amount of $1,339.02. *See id.* On September 10, 2007, Defendant filed his response to Plaintiff's motion for attorney's fees. (Doc. No. 11). In this response, Defendant did not object to an award of attorney's fees under the EAJA. *See id.*

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application must also be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United

States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA pursuant to sentence four of 42 U.S.C. § 405(g) (2006). (Doc. No. 9). Defendant does not contest Plaintiff's claim that she is the prevailing party, does not oppose this application for fees under the EAJA, does not object to the hourly rate requested, and does not dispute the number of hours expended by

counsel. (Doc. No. 11). This Court construes this lack of opposition to this application in the present action as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff's attorney requests an award under the EAJA at the rate of $140.00 per hour for the 9.5 hours which he asserts were devoted to the representation of Plaintiff in this Court, in addition to costs in the amount of $44.02. (Doc. No. 10). This hourly rate is authorized by the EAJA if Plaintiff's attorney attaches a CPI to justify a rate increase for the cost of living. *See Johnson,* 919 F.2d at 504. Plaintiff's attorney has attached a CPI to his request for attorney's fees. (Doc. No. 10-2). Thus, this Court is authorized to award an hourly rate of $140.00 and finds that this is an appropriate hourly rate for the award of attorney's fees in this case.

Further, I have reviewed counsel's itemization of time appended to his petition. (Doc. No. 10-5, 10-6). The Court notes that Defendant has not objected to the number of hours for which Plaintiff seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable. Thus, this Court finds that Plaintiff's counsel is entitled to compensation under the EAJA in the amount of $1,339.02, which is a total of 9.5 hours at a rate of $140.00 per hour in addition to $44.02 in expenses.

**4. Conclusion:**

Based upon the forgoing, I recommend that $1,339.02 be awarded in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412. This total represents a fee of $140.00 per hour for 9.5 hours of work, in addition to $44.02 in expenses.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.  See** *Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

  **ENTERED** this **17th day of September, 2007.**

                /s/   Barry A. Bryant
                Honorable Barry A. Bryant
                United States Magistrate Judge